ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

BARBARA J. VALLIERE  (DCBN 439353)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7039
    FAX: (415) 436-7234
    barbara.valliere@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 22-00372 SI |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR A DOWNWARD VARIANCE |
| v. | |
| JONATHAN YET WING SOONG, | |
| Defendant. | Sentencing Date: April 28, 2023<br>Time: 11:30 a.m.<br>Judge: Hon. Susan Illston<br>Location: Courtroom 1, 17th Floor |

Pursuant to Criminal Local Rule 32-5(c)[1], the United States respectfully submits a response to defendant's sentencing memorandum and motion for a downward variance in the above-captioned case.

In its sentencing memorandum, the United States recommended a 33-month sentence of imprisonment, recommending a three-level downward variance from the low end of the advisory Guidelines adjusted offense level of 23. Dkt. 38. In his Sentencing Memorandum and Motion for Downward Variance, defendant sought an additional variance based on a recent proposed amendment to the Sentencing Guidelines. Dkt. 36, pp. 19-20. The United States submits this response to that request.

On April 5, 2023, the United States Sentencing Commission approved preliminary amendments to the Sentencing Guidelines which go into effect on November 1, 2023, absent Congressional approval. Presentence Investigation Report (PSR), ¶ 111. The preliminary Amendments contained a new guideline, USSG § 4C1.1, which states for defendants with zero criminal history points meeting certain criteria, the district court should "decrease the offense level determined under Chapter Two and Three by two levels." PSR, ¶ 111 (citing Preliminary Amendments at 11-12 (adding new USSG § 4C1.1(a)). The new Section provides that the two-level adjustment is available for defendants who did not receive any criminal history points; who did not receive an aggravating role adjustment; who did not receive an adjustment under USSG § 3A1.4 (Terrorism); who did not use violence or credible threats of violence in connection with the offense; whose offense was did not result in death or was a sex offense; who did not personally cause substantial financial hardship; whose offense did not involve a firearm; and whose offense did not receive certain adjustments related to hate crimes, vulnerable victims, or human rights. Preliminary Amendments at 11-12 (adding new USSG § 4C1.1(a)).

According to the Probation Office, defendant meets the criteria for a two-level decrease promulgated in proposed USSG § 4C1.1(a)). PSR, ¶ 112. Absent Congressional disapproval, if defendant were sentenced after November 1, 2023, his offense level would be decreased from 32 to 21,

---

[1] Rule 32-5(c) states that the response to a sentencing memorandum should be filed three days before the sentencing hearing. The United States did not comply with that requirement for the following reason: the amendments to the advisory Guidelines were adopted by the Sentencing Commission on April 5, 2023, but are not yet effective. Upon receipt of defendant's request for a downward variance based on the amendment to USSG § 4C1.1 (Adjustment for Certain Zero-Point Offenders), the undersigned AUSA sought authority to recommend a similar variance. The AUSA received authorization to make this recommendation after business hours on April 26, 2023.

U.S. SENTENCING MEMORANDUM
CR 22-00372 SI                                            1

and his advisory Guidelines range reduce from 46 to 57 months to 37 to 46 months.  PSR, ¶ 112.  In this case, the government has agreed to a three-level variance, which would further reduce the sentencing range to 27 to 33 months, which is associated with an adjusted level of 18, Zone D.

While the United States continues to oppose the imposition of a probationary sentence for the reasons outlined in its Sentencing Memorandum, *see* Dkt. 38, the United States does not oppose defendant's request for a two-level variance based on the proposed amendment USSG § 4C1.1 given Probation's assessment that defendant meets the criteria for the adjustment.  For the reason, the United States revises its sentencing recommendation and asks that the Court impose a sentence of 27 months' imprisonment, followed by 3 years of supervised release, a $100 special assessment, and $168,885 in restitution.

**CONCLUSION**

For the reasons stated and in full consideration of the defendant's history and characteristics, together with the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 27 months in prison.  The government also recommends that defendant's prison term be followed by three years of supervised release with the search condition described above, a $100 special assessment, and restitution in the amount of $168,885.

DATED:  April 27, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*Barbara J Valliere*
BARBARA J. VALLIERE
Assistant United States Attorney